IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERRY SZCZUKA, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>STATE OF DELAWARE, DELAWARE )<br>DEPARTMENT OF SERVICES FOR )<br>CHILDREN, YOUTH AND THEIR )<br>FAMILIES, CARLA L. BENSON- )<br>GREEN, in her official capacity as Cabinet )<br>Secretary, NANCY DIETZ, in her official )<br>capacity as Division Director, and )<br>MITCHELL ROCK, in his official )<br>capacity as Superintendent, )<br>)<br>*Defendants*. ) | Civ. No. 16-1095-GMS |

**MEMORANDUM**

I.  **INTRODUCTION**

Plaintiff Sherry Szczuka ("Szczuka") filed this action against the State of Delaware, the Delaware Department of Services for Children, Youth and Their Families, Carla L. Benson-Green, Nancy Dietz, and Mitchell Rock (collectively, the "Defendants") alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (D.I. 1). The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Defendants have filed a motion to dismiss part of the Szczuka's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 18). Specifically, Defendants ask the court to dismiss as time-barred any allegations of gender discrimination and

1

retaliation occurring before September 1, 2013. (*Id.* at 7). For the reasons stated below, Defendants' partial motion to dismiss is granted.

## II. BACKGROUND

Szczuka was an employee of the State of Delaware, within its Department of Services for Children, Youth and Their Families (the "DSCYF") for nearly 23 years. (D.I. 16 ¶¶ 2, 10). Beginning in January 2011, Szczuka served as a Training Coordinator and Youth Rehabilitation Counselor within the DSCYF's Division of Youth Rehabilitation Services. (*Id.* at ¶ 27). Szczuka has filed three complaints, or "charges," with the Delaware Department of Labor ("DDOL") based on her employment experiences with Defendants.

The first charge ("Charge I") was filed on October 16, 2013. (*Id.* at ¶ 37; *see also* D.I. 18-1). This charge was based on a "Failure to Promote" and "Discipline." (*See* D.I. 18-1). Specifically, on July 1, 2013, Szczuka applied for the position of Youth Rehabilitation Program Manager. (D.I. 16 at ¶ 31). Defendants, however, did not select Szczuka to interview for the position. (*Id.* at ¶ 36). Instead, Defendants filled the position of Youth Rehabilitation Program Manager with "a less qualified male candidate." (*Id.* at ¶ 37). On or around August 6, 2013, Szczuka received a three-day suspension. (*Id.* at ¶ 34). The complaint does not explain what led to the suspension, but does allege that the suspension was "unwarranted." (*Id.*). Szczuka received a right-to-sue letter for Charge I on or around October 9, 2014. (D.I. 18-1).

While the first charge was pending, Szczuka filed a second charge ("Charge II") on June 30, 2014. (D.I. 18-2). Charge II alleges gender discrimination and retaliation around the "Terms & Conditions" of Szczuka's employment. (*Id.*). Specifically, in December 2013, Defendants' curtailed Szczuka's duties and responsibilities. (D.I. 16 ¶ 38; D.I. 18-2). Then, in January 2014, Defendants gave Szczuka a false performance evaluation at her annual review. (D.I. 16 ¶ 39).

2

Defendants stated that Szczuka's 2013 performance only "[met] expectations." (*Id.*). Finally, Defendants gave Szczuka's male coworkers better training opportunities, such as serving as acting Assistant Superintendent, which put her at a disadvantage for career advancement. (D.I. 16 ¶ 42; D.I. 18-2). Szczuka received a right-to-sue letter for Charge II on or around August 31, 2016. (D.I. 18-2). On November 23, 2016, Szczuka initiated this action by filing a complaint based on the allegations in Charges I and II. (D.I. 1).

While the second charge was pending, Szczuka filed a third charge ("Charge III") on October 8, 2015. (D.I. 18-3). This charge was based on the failure to promote. (*Id.*; D.I. 16 ¶ 40). In particular, Defendants refused to interview Szczuka for the position of Assistant Youth Rehabilitation Superintendent. (D.I. 16 ¶ 40). Szczuka received a right-to-sue letter for Charge III on or around February 14, 2017 and, thereafter, amended her complaint in this action. (D.I. 16, D.I. 18-3).

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, documents incorporated by reference, items subject to judicial notice, and matters of the public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *D.M. ex rel. Ray v. Phila. Housing Auth.*, 613 Fed. App'x 187, 189 (3d Cir. 2015); *El-Hewie v. Bergen Cty.*, 348 Fed. App'x 790, 794 (3d Cir. 2009).

## IV. DISCUSSION

A plaintiff bringing an employment discrimination claim under Title VII must first exhaust her administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e–5. *Thompson v. Brandywine School Dist.*, 478 Fed. App'x 718, 720 (3d Cir. 2012). In particular, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the allegedly unlawful employment practice, or within 300 days if the charge is filed instead with a stage agency. 42 U.S.C. § 2000e–5(e)(1); *Ernandez v. Lynch*, 2011 WL 4824155, at *1 (3d Cir. Oct. 12, 2011). If the EEOC or state agency dismisses the charge, then the plaintiff must bring an action in federal district court within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). "Both requirements—exhaustion and filing—are non-jurisdictional prerequisites, akin to statutes of limitations." *Commc'ns Workers of Am. v. N.J. Dept. of Pers.*, 282 F.3d 213, 216 (3d Cir. 2002).

Szczuka did not comply with the 90 day filing requirement for Charge I. (D.I. 20 ¶ 2). She received a right-to-sue letter for Charge I on or around October 9, 2014, but did not bring an action in federal district court until November 23, 2016, over two years later. (*Id.*; D.I. 1). Szczuka did, however, comply with the 90 day filing requirement for Charges II and III. Accordingly, Defendants ask the court to dismiss any allegations of gender discrimination and retaliation occurring more than 300 days before Charge II was filed with the DDOL, i.e., any allegations before September 1, 2013. This would include all allegations in Charge I. (D.I. 18 ¶¶ 6-8). Szczuka argues that the allegations in Charge I should still be considered under the continuing violation doctrine. (D.I. 20 ¶ 2).

4

The continuing violation doctrine "allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice." *Aubrey v. City of Bethlehem, Fire Dept.*, 466 Fed. App'x 88, 92–93 (3d Cir. 2012) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002)). "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165–66 (3d Cir. 2013). The continuing violation doctrine may not be used, however, to "preserve time barred claims for discrete discriminatory acts." *Aubrey*, 466 Fed. App'x at 93. The charge "must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger*, 536 U.S. at 113.

Charge I is based on Defendants' failure to promote Szczuka to Youth Rehabilitation Program Manager and suspending her for three days in August 2013. (D.I. 18-1). Failure to promote and wrongful discipline are quintessential discrete discriminatory acts. *See Nat'l R.R. Passenger*, 536 U.S. at 114 (listing examples of discrete discriminatory acts including "failure to promote"); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (providing a "non-exhaustive list of discrete acts for which the limitations period runs from the act" that includes "failure to promote" and "wrongful discipline"). Accordingly, the continuing violation doctrine cannot be used to save the allegations raised in Charge I. *See Smith v. Township Of East Greenwich*, 344 Fed. App'x 740, 744 (3d Cir. 2009) (stating that the district court "properly rejected [plaintiff's] continuing violation theory because each alleged act of discrimination was a discrete employment act—either a failure to promote or a disciplinary action"). All allegations in the Amended Complaint occurring before September 1, 2013 are dismissed as time-barred.

## V. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is granted. (D.I. 18). An appropriate order will be entered.

Dated: February 16, 2018

_____
UNITED STATES DISTRICT JUDGE